# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOROMI WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>DERRAL ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00827-OWW MJS PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 8) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 11, 2009. Pending before the Court is plaintiff's June 15, 2009, first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at La Palma Correctional Center (LPCC) in Eloy, Arizona. [1]The events at issue in this action occurred at California State Prison Corcoran (CSP), where plaintiff was housed prior to his transfer to LPCC. Plaintiff sets forth claims of involuntary transfer, improper opening of his legal mail, denial of access to the law library and inadequate medical care. Plaintiff names as defendant Derral Adams, Warden at CSP Corcoran.[2]

Plaintiff was housed at CSP Corcoran from September 13, 2005, to October 27, 2008. (Am. Compl. 3:6-7.) Plaintiff alleges that prior to his "involuntary transfer" to the Florence Correctional Center, he filed a "temporary injunction/stay, we were informed we were going to 'Red Rock Prison' in Eloy, Arizona." (Am. Compl. 2:8-10.) Plaintiff filed his motion in state court. Id. Plaintiff filed informal grievances, which were returned with the notation that "the appeal process is not to be used for an interrogatory process." Plaintiff does not specify the nature of his inmate grievances. (Am.

---

[1] LPCC is one of several California Out of State Correctional Facilities (COCF). Plaintiff was transferred to the Florence Correctional Center in Florence, Arizona prior to his transfer to LPCC. COCF is a unit within the Division of Adult Institutions whose mission is to transfer inmates out of state for the purpose of alleviating overcrowding within existing institutions. http://www.cdcr.ca.gov/Visitors/CA_Out_Of_State_Facilities.html

[2] Plaintiff identifies Derral Adams as the defendant in the caption of the first amended complaint. Plaintiff does not specifically identify any defendants in the body of the first amended complaint.

1  Compl. 2:17.)

2        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

      **A.**    **Involuntary Transfer**

      Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff may not state a claim for relief that he was involuntarily transferred to a different prison. His claim based on involuntary transfer should therefore be dismissed without leave to amend.

      **B.**    **Legal Mail**

      Plaintiff sets forth the simple allegation that "legal mail was opened and I wasn't present." (Am. Compl. 2:20.) Plaintiff alleges no other facts regarding this claim. The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577. The issue of whether or not prison officials may also, consistent

with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. In Wolff v. McDonnell, the legal mail at issue was mail sent to respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

An allegation that a prison official opened legal mail outside plaintiff's presence may state a claim for relief, but plaintiff must allege facts indicating that the mail was classified as legal mail, and must indicate who opened the mail outside his presence. Plaintiff's bare allegation that legal mail was opened outside his presence is insufficient to state a claim upon which relief could be granted. This claim will therefore be dismissed with leave to amend.

**C.    Law Library Access**

Plaintiff alleges that "my constitutional right to litigate my case was denied by C.D.C. officials." (Am. Compl. 3:5.) Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," nor is a State required to enable the inmate to discovery grievances or to litigate effectively once in court. Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional)

consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Here, plaintiff fails to allege facts indicating that he suffered actual injury to his litigating capacity as that phrase is defined above. In order to state a claim, plaintiff must allege facts indicating what type of action he was pursuing, what specific action was taken that prevented plaintiff from pursuing that claim and who engaged in that conduct. A generalized allegation that plaintiff had difficulty in gaining access to the courts or to the law library fails to state a claim for relief. This claim should therefore be dismissed with leave to amend.

### D. Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, plaintiff alleges that "in 37 months I spoke to Dr. Wilson (C.S.P. Mental Health) only four times. She also informed me 'she couldn't' assist my with any 'on line information' RE: the consumption of Paxil/Trazadone taken together, she advised me to contact 'friends outside' on C.S.P. property the never responded, my C.D.C. form 7362 to see her is dated 9-19-2008." (Am.

Compl. 2:2-7.) [3] Plaintiff also alleges that "I wish to state that the medical staff at Corcoran State hospital denied me medical attention for 279 days, I had a very painful 'lipoma tissue growth' on right shoulder (took 14 staples) to close wound after surgery . . . I have C.D.C. documentation that shows on 3/19/2007 my shoulder was looked at. . . and on 12/28/2007, the painful lump was removed." (Am. Compl. 2:26-3:3.)

In order to state a claim for denial of adequate medical care, plaintiff must allege some facts indicating that an individual defendant or defendants were deliberately indifferent to a serious medical need of plaintiff's, resulting in injury. The facts alleged by plaintiff are too vague to meet that standard. Plaintiff has not identified any individual that acted with deliberate indifference to plaintiff. Plaintiff alleges that he had surgery, and that it was successful, albeit painful. Such an allegation, of itself, fails to state a claim for relief. Plaintiff must allege facts indicating that an individual defendant caused plaintiff's injury and how that defendant caused the injury complained of.

### E.  Supervisory Liability

The only named defendant is Warden Adams. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege facts indicating that defendant Adams participated in, or knew of and failed to prevent, the alleged wrongs.

### III.  Conclusion and Order

The Court has screened plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

---

[3] Form CDC-7362, Health Services Request Form, is screened by a Registered Nurse in order to determine the priority to see the physician. Cal. Code Regs., tit. 15, § 3999.

6

507 F.3d at 607 (no "buckshot" complaints).

Plaintiff may name individual defendants in their personal capacity. In order to do so, plaintiff must allege facts indicating: 1) who that defendant is; 2) what that defendant did; 3) what right that defendant violated; and 4) how that defendant's actions violated that right. Plaintiff may not simply provide a narrative recounting the injuries suffered by plaintiff. Plaintiff may not name defendants together with a vague allegation that his Eighth Amendment and Fourteenth Amendment rights were violated. Each defendant in a civil rights action is only liable for the injuries that their own actions cause. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: June 10, 2010        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE