1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

TOROMI WASHINGTON,

CASE NO.    1:09-CV-00827-LJO-MJS (PC)

11
12
13

               Plaintiff,

    v.

FINDINGS AND RECOMMENDATIONS
DISMISSING PLAINTIFF'S THIRD
AMENDED COMPLAINT WITH
PREJUDICE; CLERK TO CLOSE THE
CASE; DISMISSAL IS SUBJECT TO 28
U.S.C. § 1915(g)

14
15

DERRELL ADAMS, et al.,

(ECF NO. 19)

16
17

             Defendants.

OBJECTIONS DUE WITHIN THIRTY (30)
DAYS

18
19
20

_____/

**I.**    **PROCEDURAL HISTORY**

21
22

       On May 11, 2009, Plaintiff Toromi Washington, a state prisoner proceeding pro se

23

and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No.

24

1.) His First Amended Complaint was dismissed on June 11, 2010 for failure to state a

25

claim (ECF No. 12.) Plaintiff's Second Amended Complaint was dismissed on August 5,

26
27

2010 for failure to state a claim.[1] (ECF No. 17.)  Plaintiff's Third Amended Complaint is now before the Court for screening.[2] (ECF No. 19.)

Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 5.)

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on

---

[1] The Court's August 5, 2010 order screened Plaintiff's June 28, 2010 Second Amended Complaint and any errant reference in that order to the June 28th pleading being Plaintiff's First Amended Complaint is hereby corrected.

[2] Plaintiff errantly captioned his pleading filed August 31, 2010 as his Second Amended Complaint, in fact this pleading is his Third Amended Complaint and is referred to as such in this Order.

-2-

its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### III.   SUMMARY OF COMPLAINT

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the La Palma Correctional Center (LPCC) in Eloy, Arizona.[3] Plaintiff complains of events that occurred at California State Prison Corcoran (CSP), where plaintiff was housed prior to his transfer to LPCC.[4] Plaintiff complains that he was involuntarily transferred from CSP to LPCC during the pendency of his habeas corpus proceeding in U.S.D.C. Northern District of California, in violation of his First and Fourteenth Amendment rights to due process, access to the courts, and equal protection. (Third Amended Complaint, p. 4-6, ECF No. 19.) He claims his ability to assemble documents and information for submission to the court was hampered. (Id.)

Plaintiff's Third Amended Complaint names as Defendants (1) Derrell G. Adams, Warden at CSP; (2) CC1 Rosenquist, Counselor; (3) Captain Quinones[5], 3 Yard Officer; and (4) Mr. Rosenthal, 3 Yard Librarian. (Id. at 2-3.)

Plaintiff claims he told Defendant Rosenquist that Plaintiff was "engaged in litigating [his] conviction in the U.S.D.C. Northern District of California", and that Defendants "Quinones [and] Rosenquist ... violated [Federal Rule of Appellate Procedure] 23(a) by not

---

[3] The record in this matter indicates that LPCC is one of several California Out of State Correctional Facilities utilized to alleviate overcrowding within existing institutions. (Order Dismissing First Amended Complaint, p. 2 fn1, ECF No. 12.)

[4] Order Dismissing First Am. Compl. at 2.

[5] Also spelled "Quinonez" in the Third Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

removing Plaintiff from the "transfer list". (Id. at 4.) Plaintiff also complains that Defendant Rosenthal "selected what documents inmates could copy and/or submit to the court", thereby denying Plaintiff's rights to due process, equal protection, and to access the courts. (Id. at 6.)

Plaintiff seeks monetary damages. (Id.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

///////

1

## B.   Personal Participation and Supervisory Liability

2

3   Under Section 1983, a plaintiff must demonstrate that each named defendant

4   personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934

5   (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability,"

6   loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129

7   S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct

8   of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each

9   government official, regardless of his or her title, is only liable for his or her own

10  misconduct, and therefore, plaintiff must demonstrate that each defendant, through his or

11  her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

12  The Court finds that, for purposes of screening, the facts alleged in the Third

13  Amended Complaint do sufficiently link Defendant Rosenquist personally to alleged

14

15  violations of Plaintiff's constitutional rights. Plaintiff, prior to his transfer to LPCC, advised

16  Defendant Rosenquist of his pending habeas matter and Rosenquist then failed to remove

17  Plaintiff from the transfer list. Likewise, for purposes of screening, the facts alleged in the

18  Third Amended Complaint sufficiently link Defendant Rosenthal personally to alleged

19  violations of Plaintiff's constitutional rights. Plaintiff claims that Defendant Rosenthal

20  selected documents for Plaintiff to copy and/or submit to the court in violation of Plaintiff's

21

22  rights.

23  Plaintiff fails to allege any facts personally linking either Defendant Adams or

24  Defendant Quinones to alleged rights violations. There is no evidence that either of these

25  Defendants personally participated in the events alleged in Plaintiff's Third Amended

26  Complaint. Neither of these Defendants can be held liable based solely upon supervisory

27

capacity.

### C.   Involuntary Transfer

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

"[A]n interstate prison transfer ... does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." Olim, 461 U.S. at 248. Further, because confinement in another state is "within the normal limits or range of custody which the conviction has authorized the State to impose," id. at 247, California law authorizing interstate transfer of inmates to alleviate overcrowding does not create an "atypical and significant hardship" implicating an inmate's liberty interest under the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff's claim that his transfer was in violation of Federal Rule of Appellate Procedure ("Fed. R. App. P. ") 23(a), fails because his transfer to an out-of-state facility did not involve a transfer of custody.[6] An inmate transferred to an out-of-state facility remains under the legal custody of the CDCR.[7]

The Court previously dismissed Plaintiff's involuntary transfer claim without leave to amend.[8] Plaintiff may not state a claim for relief that he was involuntarily transferred to

---

[6] "Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party." Fed. R.App. P. ") 23(a).

[7] Cal.Code Regs. tit. 15, § 3379(a)(9)(I).

[8] Order Dismissing First Am. Compl. at 2 fn1.

-6-

a different prison. The claim alrady having been dismissed with prejudice, the Court will not address its substance or the facts related to it.

### D.    Denial of Access to Courts

Plaintiff alleges that Defendants denied him access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3ed 1090, 1101 (9th Cir. 2011). The right is limited to the filing of direct criminal appeals, habeas petition, and civil rights actions. Lewis, 518 U.S. 343 at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim), or the loss of a meritorious suit that "cannot now be tried" (backward-looking access claim). Christopher v. Harbury, 536 U.S. 403, 412-415 (2002). A plaintiff must allege an actual injury by being shut out of court. Lewis, 518 U.S. 343 at 351. "Actual injury" may be defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. "'[M]eaningful access to the courts is the touchstone,' [and] the inmate therefore must ... demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351. The notion that "prison authorities must also enable the prisoner to ... litigate effectively once in court" has been disclaimed. Lewis, 518 U.S. 343. "The right of access to the courts does not permit recovery for careless or negligent acts. Rather, the evidence must reveal some active misuse of power." Funches. V Ebbert, 638 F.Supp.2d 1014, 1019, (S.D. Ill. June 16, 2009), citing Daniels v. Williams, 474 U.S. 327, 330, (1986).

When a prisoner asserts a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the

-7-

complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. 403 at 416. The plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-418. When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir.2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 555 U.S.1150 (2009)).

Here Plaintiff alleges that his ability to assemble documents and information relating to claims and litigation was hampered. (Third Am. Compl., Affidavit, at 1-2.) However, Plaintiff presents nothing to enable the court to identify the underlying claim, determine whether it was non-frivolous, and determine wherther it was frustrated by official action causing  actual injury to Plaintiff. There are no facts showing any active misuse of power by Defendants. Plaintiff has not alleged that he missed a deadline, was unable to present a meritorious claim, or lost a remedy that has been rendered unavailable.

Plaintiff has failed on four attempts to state a claim for violation of his right to access the courts. Plaintiff has been afforded ample opportunity to try to state a cognizable claim. Further leave to amend would be futile.

///////

1

2

3

4

### E.   Inmate Appeals Process

Plaintiff may allege that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. July 18, 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

### F.   Equal Protection

Plaintiff claims his equal protection rights were violated. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim

may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he is being intentionally discriminated against on the basis of his membership in a protected class or that he is being intentionally treated differently than other similarly situated inmates with no rational and legitimate state purpose for such different treatment. Therefore, Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

Again, Plaintiff has been afforded ample opportunity to amend this claim to show that he was intentionally discriminated against based on his race, alienage, or other protected class or that he was treated differently than similarly situated with no rational basis for such disparate treatment. Plaintiff still fails to state a cognizable claim. Further leave to amend would be futile.

## V.   RECOMMENDATION

Plaintiff was previously advised that the Third Amended Complaint would be his final opportunity to state a cognizable claim.[9] Plaintiff's Third Amended Complaint does not state a claim for relief under Section 1983.

---

[9] Order Dismissing First Am. Compl. at 4.

-10-

Accordingly, the Court RECOMMENDS that Plaintiff's Third Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted, with the Clerk to close the case and the dismissal subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Findings and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 12, 2012          /s/ Michael J. Seng
ci4d6                               UNITED STATES MAGISTRATE JUDGE